### JEWETT *vs.* ADAMS.

In an action against the sheriff for the neglect of his deputy, the deputy himself, being properly released, is a competent witness for the defendant.

THIS was an action of the case against the late sheriff of this county, for the neglect of one *Goodrich* his deputy, in not attaching certain property which he was directed to attach on a writ in favor of the plaintiff. At the trial, before *Weston J.* the deputy, having a release from the defendant, was called by him as a witness ; to whose admissibility the plaintiff objected, notwithstanding the release, on the ground that it was against public policy ; but the Judge overruled the objection ; and reserved the point for the consideration of the court, a verdict being returned for the defendant.

*Tenney*, for the plaintiff.

*Allen*, for the defendant.

PARRIS J. delivered the opinion of the Court at the ensuing *July* term in *Washington.*

The law will not receive the evidence of any person who has an interest in the proposed evidence ; and, consequently, whose interest conflicts with his duty.

But it is only legal, certain and immediate interest in the result of the cause, or in the record as an instrument of evidence, that will disqualify ; and whenever such interest is removed, however powerful and controling it may have been, the disqualification ceases. Affection, prejudice or bias may remain, and may have their influence upon the witness after all legal interest shall have been withdrawn ; but it is the latter only which excludes him as incompetent ; and when that is legally removed, whatever else may remain affects merely the credibility. In this case, *Goodrich*, before the release, was directly interested in the result of the cause. The action was brought for his neglect, and if the verdict had been for the plaintiff, the judgment rendered thereon would have been compe-

Jewett v. Adams.

tent evidence in support of an action by the sheriff against *Goodrich*, on his official bond. From this liability, however, the release discharges him, and however he may have violated the condition of his bond in the particular transaction, which is the foundation of this suit, and whatever consequences may fall upon the sheriff, by reason of such violation, he has no remedy either against *Goodrich* or his bondsmen. The release is a perpetual bar under which he may always be protected. If *Jewett* recovers against the sheriff, a satisfaction of his judgment would be a bar to any suit which he, *Jewett*, might hereafter commence against the deputy, for the same neglect; while the release would also be a like security against a suit by the sheriff; so that if *Jewett* prevail, *Goodrich* is completely protected. If he has any interest in the result of this action, it is adverse to the sheriff, the party by whom he is called.

As the release, if it be a *bona fide* transaction, has extinguished all *Goodrich's* interest in this suit favorable to the defendant, we do not perceive any thing remaining in the case which renders him incompetent. If the release be collusive, having been executed merely to accomplish this particular purpose, and *Goodrich* is still to remain liable to the sheriff, either by written or verbal contract, or secret understanding between them, it might have been developed by interrogatories, and the iniquitous attempt would have proved unsuccessful.

It has been urged, that it is against the policy of the law to permit the deputy to testify under such circumstances. We must take the law as it is, and apply to these facts the same legal rule that is applicable to other similar cases, and which has been uniformly applied by this court and the courts of Massachusetts for a great number of years. It is not the province of this, but another branch of the Government to change the law. Nor can we find, in the cases cited by the plaintiff's counsel, any good ground for a change of practice. On the contrary, courts have latterly been more inclined to lean in favor of the competency of witnesses than formerly. The law considers it to be more safe to admit the evidence when there is a doubt, than to exclude it altogether; for the rejection is peremptory and absolute; but in case the witness be received, it is still

---

for the jury to consider what credit is due to his testimony, taking into consideration all the circumstances of the case, and the motives by which he may be influenced. Hence, says *Starkie*, it is the inclination of the courts that objections of this nature should go to the credit of the witness, rather than to his competency; and they will not wholly exclude a witness from giving evidence, unless he would be immediately and directly affected by a result contrary to the tendency of his testimony, or unless he has an immediate interest in the record.

We are all of opinion that the witness was properly admitted, and that there must be                     *Judgment on the verdict.*